UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-14017-CIV-MARRA/JOHNSON

UNITED STATES OF AMERICA,
ex rel. Bernadette Ann Pacific,

    Plaintiff

vs.

DOCTORS CARE HEALTH SERVICES,
INC., and MONTEREY MEDICAL
HEALTH SERVICES, INC.,

    Defendants,
_____/

## ORDER AND OPINION

THIS CAUSE is before the Court upon the United States' Amended Notice of Election to Decline to Intervene, filed on January 29, 2006. In its motion, the United States notifies the Court that it declines to intervene on all allegations set forth in relator's Amended Complaint. The United States then refers the Court to 31 U.S.C. § 3730, the False Claims Act, requesting that the Court, among other things, keep unspecified documents in the case under seal.

Specifically, The United States requests that all papers on file in the action remain sealed with the exception of:

    a) the relator's Complaint;

    b) the United States Notice of Election to Partially Intervene and Partially Decline to Intervene, along with the attached proposed Order;

    c) the United States' Motion to Dismiss Certain Portions of Relator's Complaint and Accompanying Memorandum, along with the attached proposed Order;

    d) the relator's Amended Complaint;

    e) this Amended Notice and the attached proposed Order.

Not only did the United States fail to identify the documents it seeks to keep under seal, but it failed to provide to the Court any reason why the unidentified documents shall remain under seal indefinitely. Section 3730(b)(2) of Title 37 of the United States Code provides in relevant part:

> (2) . . .The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.
>
> (3) The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2). Any such motions may be supported by affidavits or other submissions in camera.. .
>
> (4) Before the expiration of the 60-day period or any extensions obtained under paragraph(3), the Government shall–
>
>> (A) proceed with the action, in which case the action shall be conducted by the Government; or
>>
>> (B) notify the court that it declines to take over the action, in which the case the person bringing the action shall have the right to conduct the action.

The sixty day period has been extended in this case numerous times. An *in camera* review of the record reveals that all of the 'unidentified documents' the United States seeks to keep under seal are routine applications for enlargements of time for the United States' decision on its election and a motion to partially lift the seal. The record also reveals that the complaint was filed in January of 2005, nearly two years ago. Thus, the case has been delayed from being prosecuted against the defendant for the past two years while the United States has been deciding

whether or not to intervene.

The statute does not provide for the record to remain under seal indefinitely; it only specifies that pleadings will be kept under seal during the time in which the United States makes its decision. 37 U.S.C. § 3730(b). As the United States has not provided good cause or ample justification for keeping the entire record under seal, the Court denies the request to keep the unidentified documents under seal. *United States by Dept. of Defense v. CACI Intern., Inc.*, 885 F.Supp. 80, 81 (S.D.N.Y. 1995)("[The United States] should not be able to handicap the relator's action by keeping materials under seal without some showing of good cause or ample justification."); *United States ex rel. Fender v. Tenet Healthcare Corp.*, 105 F. Supp. 2d 1228, 1230-31 (S.D. Ala. 2000)("The Court finds no authority under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, or elsewhere to hold information relating to this cause under seal.")

The unsealing of the "unidentified documents" does not pose any danger to the government; the content of the files does not disclose any confidential investigative techniques, information which could jeopardize an on-going investigation, or any matters that could potentially injure non-parties. *CACI Intern*, 885 F.Supp. at 83. Included in the unidentified documents are a motion to partially lift the seal and applications for extensions of time and incorporated memorandum of law justifying the extensions. The applications do discuss another case, *United States, ex rel. Borges v. Doctor's Care Medical Center, Inc., et al.*, 01-8112-CIV-Ryskamp, in which the defendants in this case are the same as the defendants in *Borges* case; the Court concludes there is no danger in unsealing these references. The United States was pursuing a settlement in the *Borges* case and the alleged conduct in the instant case was to be discussed in those settlement negotiations and had to be disclosed to comply with the

government's discovery obligations. As such, the United States requested permission to partially unseal the instant case to effect the negotiations and extensions of time to conduct the negotiations. With the expending of the government's resources on the related case, the United States requested additional extensions of time to make its decision in this case. The requests were all granted. Nothing of substance was revealed in these motions with respect to the settlement negotiations. Accordingly, the case shall be completely unsealed.

In conclusion, the United States, having declined to intervene pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(4)(B), and upon consideration of the *qui tam* provisions of the False Claims Act, 311 U.S.C. § 3730 *et seq.*, it is hereby

**ORDERED** that the relator's Amended Complaint shall be unsealed, and the relator shall serve the Amended Complaint upon defendants; and it is

**FURTHER ORDERED** that the entire record shall be UNSEALED; and it is

**FURTHER ORDERED** that the seal shall be lifted as to all other matters occurring in this action after the date of this Order; and it is

**FURTHER ORDERED** that the parties shall serve all pleadings and motions filed in this action, including supporting memoranda, upon the United States, as provided in 31 U.S.C. § 3730(c)(3). The United States may order any deposition transcripts and is entitled to intervene in this action, for good cause, to be determined by the court, at any time; and it is

**FURTHER ORDERED** that all orders of this Court shall be sent to counsel for the United States; and it is

**FURTHER ORDERED** that, should the relator or the defendants propose that this action be dismissed, settled, or otherwise discontinued, the Court will solicit the opinion of the

United States before ruling or granting its approval.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County Florida, this 2nd day of April, 2007.

*/s/ Kenneth A. Marra*

KENNETH A. MARRA
United States District Judge

Furnish copies to:
All counsel of record